# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., Daniel H. Hayes, M.D., <br><br> Plaintiff, <br><br> v. <br><br> THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, d/b/a and n/k/a ATRIUM HEALTH, a North Carolina Public Hospital Authority, <br><br> Defendant. | Case No.: 3:16-cv-00750-GCM <br><br> **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant The Charlotte-Mecklenburg Hospital Authority, d/b/a and n/k/a Atrium Health ("Atrium") hereby moves the Court for summary judgment on the grounds that there no genuine issue as to any material fact and Atrium is entitled to judgment as a matter of law on Plaintiff Daniel H. Hayes, M.D.'s ("Dr. Hayes's) claim for Retaliation under the False Claims Act, 31 U.S.C. § 3730(h). In support of its Motion for Summary Judgment, Atrium shows the Court as follows:

1. Dr. Hayes is a former surgeon and the former Director of Transplantation at Atrium who was terminated on October 28, 2013 after an internal investigation into leadership concerns, a lack of presence and availability, excessive vacation, and improper timekeeping.

2. Approximately two years after he was terminated, Dr. Hayes reported what he claims to believe were potential False Claims Act violations to the U.S. government (for the first time). The U.S. government ultimately declined to prosecute such claims. In this lawsuit, Dr. Hayes's claims that Atrium's stated and valid reasons for terminating him were in fact pre-

textual, and that the actual reason for his termination was retaliation for having raised these complaints internally at Atrium during his tenure.

3. To establish a claim for Retaliation under the False Claims Act, Dr. Hayes "must establish [that] (1) [he] engaged in a protected activity; (2) [Atrium] knew about the protected activity; and (3) [Atrium] took adverse action against [him] as a result." *See Skibo v. Greer Laboratories, Inc.*, No. 19-2042, 2021 WL 72124, at *6 (4th Cir. Jan. 8, 2021) (quoting *U.S. ex rel. Grant v. United Airlines, Inc.*, 912 F.3d 190, 200 (4th Cir. 2018)). Atrium is entitled to judgment as a matter of law because Dr. Hayes has failed to come forward with evidence to support any one of these three prongs.

4. First, Dr. Hayes has failed to come forward with any evidence the concerns he allegedly raised were based on an "objectively reasonable belief that [Atrium] [was] violating or soon [would] violate the [False Claims Act]" or that his alleged concerns had any "nexus to a[] [False Claims Act] violation" as required by well-established law. *See Grant v. United Airlines, Inc.*, 912 F.3d 190, 201 (4th Cir. 2018); *See Patt v. Greer Laboratories, Inc.*, Civ. Action No. 5:13-CV-00110-KDB-DSC, 2019 WL 3987762, at *10 (W.D.N.C. Aug. 22, 2019).

5. Second, Dr. Hayes has failed to come forward that any of the relevant decisionmakers at Atrium who were involved in his termination knew about Dr. Hayes's concerns, and, as a result, he cannot establish that Atrium knew about the alleged protected activity. *See Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 848 (7th Cir. 2012).

6. Third, Dr. Hayes has failed to come forward with any evidence to support a finding that Atrium terminated him as a result of the concerns he allegedly raised. As a result, Dr. Hayes cannot establish that his alleged "protected activity" was the but-for cause of his

termination as required under 4th Circuit law.  *United States ex rel. Cody v. ManTech Int'l, Corp.*, 746 F. App'x 166, 177 (4th Cir. 2018).

7.	As explained more fully in its Brief in Support of Motion for Summary, which is being filed contemporaneously with this Motion as required by Local Rule 7.1(c), Dr. Hayes's claim for Retaliation is based on nothing more than his own self-serving and uncorroborated opinion, concocted after the fact, as to the reason for his termination.  As a matter of law, the False Claims Act requires more.

WHEREFORE, Atrium respectfully request that the Court grant its Motion for Summary Judgment and enter judgment in its favor.

This the 15th day of March, 2021.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ C. Bailey King, Jr.*
Robert R. Marcus (NC Bar # 20041)
Bailey King (NC Bar # 34043)
Lyndsay E. Medlin (NC Bar # 49403)
Bradley Arant Boult Cummings, LLP
214 N. Tryon Street, Suite 3700
Charlotte, North Carolina 28202
(704) 338-6000 (Tel)
(704) 332-8858 (Fax)
rmarcus@bradley.com
bking@bradley.com
lmedlin@bradley.com

-AND-

Jason Paul Mehta (FL Bar # 106110)
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
(813) 559-5500 (Tel)
(813) 229-5946 (Fax)
jmehta@bradley.com

*Attorneys for Defendant The Charlotte-Mecklenburg Hospital Authority*

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served electronically by filing it with the Court's ECF system, which will send e-mail notification to the following counsel of record:

| | |
|---|---|
| Charles H. Rabon, Jr. | Joshua R. Van Kampen |
| Gregory D. Whitaker | VAN KAMPEN LAW, PC |
| RABON LAW FIRM PLLC | 315 E. Worthington Avenue |
| 413 S. Sharon Amity Road, Suite C | Charlotte, NC 28203 |
| Charlotte, NC 28211 | josh@vankampenlaw.com |
| crabon@usfraudattorneys.com | |
| gwhitaker@usfraudattorneys.com | |

This the 15th day of March, 2021.

/s/ C. Bailey King, Jr.
C. Bailey King, Jr.
*Attorney for Defendant The Charlotte-Mecklenburg Hospital Authority*